DAMON J. KEITH,
dissenting.
I agree with the majority that state law determines Bruno’s property rights. The *614 type of state law that determines the Bruno’s property rights with regard to the unsecured debt, however, is contract law, not marital law. Specifically, the terms of the creditors’ contracts with Bruno control here. As Suhar’s own expert testified, the credit card companies’ right to repayment is controlled solely by their contracts with Debtor and Bruno and their rights to collect from Bruno were not altered by the terms of the marriage dissolution agreement. Credit card companies are not bound by a domestic court’s division of liability. Therefore, the Debtor did not incur an obligation within the meaning of 11 U.S.C. § 548(a) when she assumed liability for the credit card debt in the dissolution agreement. There was no evidence in the record about the contractual terms of the loan from the Debtor’s parents; we only know that it was given directly to the Debtor. Because the rights of the unsecured creditors to collect from Bruno were not altered by the terms of the marriage dissolution agreement, the Debtor did not transfer any asset to him when she purported to assume liability for the unsecured debt.
Affirming the bankruptcy court’s holding in this case allows the creditors to use bankruptcy law to circumvent the shortcomings of their own contracts. The credit card companies drafted the contracts that are at issue here. So, although the usual rule is that married parties would both be liable for marital debt, the evidence unequivocally indicated that the credit card companies drafted around that default legal rule and their contract rights were not altered by the terms of the marriage dissolution agreement.
Based on the bankruptcy court’s findings of fact, the Debtor transferred assets to Bruno worth $4,582.98 more than the assets she received from him in the marriage dissolution. Consequently, the Debt- or’s unsecured creditors would have had $4,532.98 more available to them in her bankruptcy estate had she received reasonably equivalent value for the transfers she made in the marriage dissolution. Therefore, although the Debtor and Bruno agreed to the terms of the dissolution agreement, in my view, Suhar is entitled to recover $4,532.98 from Bruno on behalf of the Debtor’s unsecured creditors under 11 U.S.C. § 544.
My view of this case would not create a per se rule that marital debt assumed by one party in a marriage dissolution agreement can always be discharged in bankruptcy. My view is based mainly on the facts in the record, not a new legal rule. The Trustee’s own expert testified that the credit card companies’ right to repayment is controlled solely by their contracts. I believe the credit card companies should pursue any contractual rights they have to collect from Bruno via the appropriate avenues — debt collectors and contract law— not bankruptcy law. Therefore, I respectfully dissent.